TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$130,020.00 IN U.S. CURRENCY,<br><br>        Defendant. | Case No. 2:21-cv-03129<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[FBI] |

Plaintiff United States of America brings this claim against the defendant $130,020.00 in U.S. Currency, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an <u>in rem</u> civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $130,020.00 in U.S. Currency (the "defendant currency"), seized during a traffic stop on June 25, 2020 from a silver Chevrolet Tahoe ("Tahoe"), bearing Colorado license plate, BHX076 for violating California Vehicle Code §§ 27103 and 21658, driven by Jason Till ("Till") and registered to Avis Budget Car Rental LLC ("Avis"), on Interstate 15 north of Wild Wash Road, Barstow California. Till was the sole occupant.

6. The defendant currency is currently in the custody of the United States Marshals Service in this district, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Till and David Utz ("Utz") may be adversely affected by these proceedings.

BASIS FOR FORFEITURE

8. On June 25, 2020, Detective Chavez with the San Bernardino Sheriff's Department[1], assigned to the Narcotics Division, Highway Interdiction Team ("Det. Chavez"), was patrolling the northbound Interstate 15 near Wild Wash Road in Barstow, California when Det. Chavez witnessed the driver of the Tahoe violate California Vehicle Codes 27103 and 21658. At which time, Det. Chavez, with his trained narcotics detection K-9 Eros, initiated a traffic stop.

---

[1] Detective Chavez is a member of the Inland Regional Narcotics Enforcement Team IRNET and the Inland Empire Hybrid Drug Task Force ("IEHTF").

9. During the traffic stop, Till appeared to be very nervous and his hands were trembling as he began looking for documents such as his driver's license, the vehicle registration and proof of insurance.

10. Till explained the Tahoe was a rental and that a friend had rented the Tahoe.

11. While Till looked for the documents, the officer could see, in plain sight, an open bottle of vodka in the passenger area within Till's reach. A radar detector was also visible on the center windshield.

12. Till told the officer that he lived in Colorado and Till's friend "Pat" had travelled with him to San Diego to visit friends, but Pat had a family emergency and flew back to Denver, Colorado.

13. Till told the officer that there were two firearms in the Tahoe and began to reach back toward the rear passenger seat.

14. The officer then ordered Till to stop moving, and the officer asked where exactly the firearms were located in the Tahoe.

15. Again, Till began to reach toward the rear of the passenger seat. At this time the officer drew his service pistol and ordered Till to stop reaching toward the back of the vehicle.

16. Till said the pistol was locked but was within his reach. Till was then ordered out of the Tahoe for officer safety reasons.

17. Till stepped out of the Tahoe and walked over to the patrol vehicle.

18. Till gave the officer verbal consent to retrieve the rental agreement from the Tahoe's center console.

19. Utz was listed on the rental agreement as an authorized driver.

20. Till provided the officer with his Delaware driver's license and told the officer there was possibly two firearms in the Tahoe but Till believed that Pat took one of the firearms. Till said one firearm was locked in a case and told the officer that he had a personal use amount of marijuana inside the Tahoe as well.

21. Till's driver's license was suspended. Along with that fact and other criminal indicators, the officer asked Till for permission to search the Tahoe, to which Till consented.

22. During the search of the Tahoe, the officer located the following:

    a. Twenty-one white envelopes which contained a large amount of U.S. currency concealed in the rear driver side quarter panel;

    b. an additional envelope of U.S. currency in the driver door panel;

    c. a Glock .45 caliber pistol inside the rear quarter panel;

    d. a narcotic purity test kit for cocaine and fentanyl;

    e. a cutting agent test kit in the rear quarter panel;

    f. a small baggie of suspected methamphetamine in the driver's door panel;

    g. a loose white powder of suspected cocaine in the rear passenger side door panel;

    h. a small personal use amount of marijuana inside the rear cargo area;

    i. a Glock 9mm pistol in a locked black Pelican style case on the rear passenger seat; and

    j. A small digital scale which had a white powdery residue on it in the rear cargo area.

23. K-9 Eros was deployed to conduct a free air sniff of the envelopes containing U.S. currency. Eros alerted to the odor of narcotics emanating from the envelopes.

24. Eros is a trained, state certified narcotics detection canine. Eros was first certified as a narcotics detection canine on May 7, 2017 though the California Narcotic Canine Association and placed into service. Eros alerts to the odor of marijuana, cocaine, heroin and methamphetamine. On January 30, 2020, the San Bernardino County Sheriff's Department recertified Eros and his handler as a narcotics detection team. Eros has received over 120 hours of training, monthly maintenance training by Vohne Liche Kennels, and weekly training sponsored by The Inland Empire Police Canine Association in order to ensure that Eros does not alert to currency itself but instead to the presence of controlled substances on the currency.

25. During a post-Miranda interview, Till stated the defendant currency located inside the Tahoe belonged to Utz who owns a limousine service in Colorado. Till was given the defendant currency to buy two Cadillac Escalades while in California.

26. When Till was asked about the narcotic-related items in the Tahoe, Till said he uses drugs and the drug purity test kits belong to him. Till had the test kits so he "did not buy bad drugs while in California."

27. Till said he hid the defendant currency and the test kits but forgot that he put one of the firearms with the defendant currency. Till said he concealed the defendant currency to avoid detection from law enforcement and also avoid having the defendant currency stolen. Till estimated the money was around $133,000. Tills said the 9mm pistol belonged to him but the .45 caliber pistol belonged to Pat.

28. In a subsequent interview, Till said the defendant currency belonged to his employer (Utz). Till said that he and Utz drove from Colorado to California, in the Tahoe, to look and potentially buy Cadillac Escalades for Utz's limousine business. Till said that he and Utz looked at the Escalades but did not purchase any of them and Utz flew back to Colorado and Till was on the way back to Colorado with the defendant currency.

29. Utz has a criminal history of assault and narcotic-related arrests.

30. The defendant currency consisted of 451 $20 bills, 550 $50 bills and 950 $100 bills. These denominations are consistent with narcotic transactions proceeds.

### CLAIM FOR RELIEF

31. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 *et seq*. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: April 12, 2021

TRACY L. WILKISON
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Division

　　　/s/ *Brent A. Whittlesey*　　　
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, David Ricker, hereby declare that:

1. I am a Special Agent of the Drug Enforcement Administration.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Verified Complaint for Forfeiture is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2021 in Riverside, California.

DAVID RICKER
Special Agent,
Federal Bureau of Investigation